UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARY JO A. JENSEN-CARTER,
Trustee of the Bankruptcy Estate of
Larry K. Alexander,

Plaintiff,

v.

LARRY K. ALEXANDER, GEORGINA Y.
STEPHENS, JOHN DOE and MARY ROE, et al.,

Defendants.

CIVIL NO. 01-1087 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on August 17, 2001 upon Plaintiff's Motion to Remand or Consolidate [Docket No. 10]. Valdis A. Silins, Esq. appeared on behalf of Plaintiff; Karl A. Oliver, Esq. appeared on behalf of Defendants. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that this action be remanded to the Ramsey County Minnesota District Court from which it was removed.

## FINDINGS OF FACT/REPORT

### Procedural History

This is an unlawful detainer action, brought in state court. The Complaint alleges in material part that Plaintiff is the owner of the property at 875 Laurel Avenue in St. Paul; that Defendants are occupying that property without any right to do so; and that Defendants refuse to vacate the property. It seeks an Order from the Ramsey County Minnesota District Court requiring that Defendants vacate the property, and granting to Plaintiff the recovery of the premises, together with costs.

FILED SEP 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On June 15, 2001, counsel for Defendants filed a Notice of Removal. [Docket No. 1]. Defendants contend that the action, which seeks possession of the property, and eviction of the Defendants, is removable to this court because it arises under federal law, under the provisions of 28 U.S.C. § 1441 (a) and (b).[1] Essentially, Defendants contend that the matter arises under federal law because Plaintiff's Complaint alleges and relies upon the fact that she obtained title to the property as a result of the application of federal bankruptcy law.

Plaintiff brought a Motion to Remand, or in the alternative to consolidate this action with another action pending in this Court captioned Stephens v. Jensen-Carter, Civil No. 01-633. At the hearing on the Motion to Remand, the Court invited the parties to provide post-hearing Memoranda on the subject of whether this matter arises under federal law.

**Governing Principles**

As a procedural matter, it is Defendants' burden to establish the existence of jurisdiction, and it is the duty of the District Court to resolve all doubts in favor of remand.

---

[1] Title 28 U.S.C. §1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, any be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

See In re Business Men's Assurance Company of America, 992 F.2d 181, 183 (8th Cir.1993)(as party seeking removal and opposing remand, defendant has burden of establishing federal subject matter jurisdiction, and court must resolve all doubts in favor of remand)(citations omitted).

In determining the substantive question of whether this Court has jurisdiction, we are guided by the recent decision of the Court of Appeals for the Eighth Circuit in Magee v. Exxon Corporation, 135 F.3d 599 (8th Cir.1998), in which the court stated:

> The Supreme Court has concisely summarized the fundamental principles governing the removal jurisdiction of the federal courts:
>
> > Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.
>
> Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Federal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case. See Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848-49, 77 L.Ed.2d 420 (1983).

Magee, 135 F.3d at 601.

## Discussion

### I. THERE IS NO FEDERAL JURISDICTION OVER PLAINTIFF'S COMPLAINT.

This state court action could not have been brought in federal court. It is an Unlawful Detainer action as to which no independent federal jurisdiction exists. It is

governed by the unique procedures of Minnesota law, Minnesota Statutes §§504B.281 et. seq. The process followed for issuance of a Summons and Complaint is spelled out in Minn. Stat. §504B.321.[2] The Summons served upon Defendants required them to appear in Ramsey County District Court on June 18, 2001 for trial. "The purpose of the statute is to provide a summary proceeding to quickly determine the present right to possession of premises." University Community Properties, Inc. v. Norton, 246 N.W.2d 858, 860 (Minn. 1976). The only issue to be decided in this case is the right to possession of property located in St. Paul, Minnesota. The legislature adopted an expedited process for the determination of that issue, to avoid complications relating to the potential for the use of "self-help." See Berg v. Wiley, 264 N.W.2d 145, 149 (Minn. 1978), in which the Court explained: "To facilitate a resort to judicial process, the legislature has provided a summary procedure in Minn.St. [§ 504B.301 to 504B.365] whereby a landlord may recover possession of leased premises upon proper notice and showing in court in as little as 3 to 10 days."

Plaintiff obtained title to the real estate in question as part of the bankruptcy estate of Larry Alexander. The validity of her title has been established by the Court of Appeals for the Eighth Circuit. See In re Larry Kenneth Alexander, 236 F.3d 431 (8thCir. 2001). At issue in the state court proceedings in this matter will be the question of whether Defendants have a legal basis upon which to claim a right to possession of the premises.

---

[2] Subdivision 1. Procedure. (a) To bring an eviction action, the person complaining shall file a complaint with the court, stating the full name and date of birth of the person against whom the complaint is made, unless it is not known, describing the premises of which possession is claimed, stating the facts which authorize the recovery of possession, and asking for recovery thereof. . . . (c) The court shall issue a summons, commanding the person against whom the complaint is made to appear before the court on a day and at a place stated in the summons.

The sworn statements of Defendant Georgina Stephens (in which she stated that she was a tenant in the premises, paying rent to Larry Alexander) will have a bearing upon this question. See Alexander, 236 F.3d at 431.

Defendants point out that Plaintiff relies upon her title to the property as grounds for her right to pursue the unlawful detainer case. They argue from this that there is federal jurisdiction because Plaintiff acquired her title in federal Bankruptcy Court. Defendant says the complaint raises issues which "arise under" the constitution, laws or treaties of the United States under 28 U.S.C. § 1331[3] because the Complaint recites the federal procedures and laws which resulted in the fact that Plaintiff has obtained title to the property.

It is apparent from the face of Plaintiff's Complaint that it presents nothing more than pure questions of state law: does Plaintiff have sufficient title in the property to seek to evict Defendants; do any of the defendants have any legal basis upon which they may reside on the property without cost. There are no federal issues to be decided, nor any federal jurisdiction over the allegations in Plaintiff's unlawful detainer Complaint. See Evans v. Sentry Property Managment Corp., 852 F.Supp. 71 (D. Mass. 1994), where the District Court determined that there was no independent federal jurisdiction over an unlawful detainer action. Defendants rely upon Famous Realty, Inc. v. Flota Mercante Grancolumbiana, S.A., 81 F.Supp.553 (E.D.N.Y. 1948), but this case merely holds that a proceeding in the nature of an unlawful detainer action is civil in nature, and that federal jurisdiction may be established where the parties satisfy the diversity requirements.

---

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

Diversity is not present in the case currently before the Court.

Defendants rely upon bankruptcy law, and contend that Plaintiff's Complaint represents a "core proceeding" under 11 U.S.C. §1334(a). That statute provides in relevant part: "The district court shall have original and exclusive jurisdiction of all cases under title 11." Defendants state that Plaintiff "is acting under the Bankruptcy Code and is, pursuant to the Bankruptcy Code collecting and liquidating alleged property of the estate." They also state that "it is undisputed that there is an open bankruptcy case involving Defendant Larry K. Alexander who Plaintiff serves as trustee." They conclude that "therefore" this is a core proceeding. We do not adopt the logic of Defendants. We do not find any basis upon which to conclude that an unlawful detainer proceeding commenced pursuant to the laws of the State of Minnesota is a case brought "under Title 11" of the United States Code, nor do we find any authority in Defendants' Memorandum to support that proposition.

Defendants next contend that the Complaint in this matter presents a "related proceeding" under 11 U.S.C. §1334(b), which provides: "The district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . arising in or related to cases under title 11." Defendants argue that the case meets the standard of case law in this Circuit for finding a related case, in that the unlawful detainer action "could conceivably have an effect on the estate being administered in bankruptcy." See In re Pacor, Inc., 743 F.2d 984, 994 (3d Cir. 1984); In re Dogpatch, 810 F.2d 782 786 (8th Cir. 1987); Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 773, 774 (8th Cir. 1995). We have not found in Defendants' Memorandum an explanation as to how the outcome of this unlawful detainer action would have an effect on the estate of Larry Alexander which Plaintiff is administering, and we do not independently find any basis for reaching this conclusion.

## II. Costs and Attorneys Fees

Congress has determined that costs and attorney's fees may be awarded against a party which removes a case to federal court, as part of the Order for remand.[4] As with the analogous provisions of Rule 11, a finding of bad faith is not required. See Mints v. Educational Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996)("the district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith")(citations omitted); Calloway v. Union Pacific RR Co., 929 F. Supp. 1280, 1283 (E.D. Mo. 1996)("An award of attorney fees on remand is discretionary and not dependent upon a finding of bad faith")(citations omitted). Rather, the purpose is to require the additional expenses to be paid by the party which caused them. Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000)(§1447(c) is not a sanctions rule, but a fee-shifting statute). While an award of costs and fees would otherwise be appropriate, we recommend that the District Court refrain from ordering the payment of the costs and attorneys fees incurred by Plaintiff as to the period up to the date of this Report and Recommendation.

The pleadings submitted by counsel for Plaintiff prior to the hearing on the Motion for Remand did not articulate the legal or factual grounds upon which remand was required, and thus failed adequately to put Defendants upon notice of the reasons why removal was improper. The post-hearing pleadings submitted by Plaintiff were similarly of modest assistance to the Court, and reflected what might most charitably be described

---

4 28 U.S.C. § 1447(c): "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

as a casual approach to representing a party.[5] Conduct of this nature should not be rewarded.

It is appropriate to refrain from requiring Defendants to pay the fees and expenses occasioned by removal where the party seeking remand fails adequately to articulate and substantiate the grounds upon which remand is required, particularly where it is afforded a post-hearing opportunity. However, it is to be expected that all parties are now fully aware of the applicable facts and law, and are aware of the responsibility for fees and expenses which will follow.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's Motion to Remand or Consolidate [Docket No. 10] be denied insofar as it seeks consolidation, and the Motion to Remand should be granted. This matter should be remanded to the Ramsey County District Court.

Dated: September 19, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **October 3, 2001** written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

---

5 As examples, we note that there is authority from the Court of Appeals for the Eighth Circuit which is directly applicable to the consideration of Plaintiff's Motion to Remand, but it was not cited by counsel for Plaintiff; the Post-Hearing Reply submitted by counsel for Plaintiff was summary in form, and did not address any of the authorities relied upon by Defendants in their Post-Hearing Memorandum.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **October 3, 2001**.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**


700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500